**MILLWRIGHTS, INC.,**
**Plaintiff-Appellant,**

v.

**BITUMINOUS FIRE & MARINE**
**INSURANCE COMPANY,**
**Defendant-Appellee.**

**No. 76–1651.**

United States Court of Appeals,
Sixth Circuit.

Decided and Filed June 28, 1977.

Ray H. Moseley, Humphreys, Hutcheson & Moseley, Chattanooga, Tenn., for plaintiff-appellant.

William B. Luther, Luther, Anderson, Ruth & Cleary, Chattanooga, Tenn., for defendant-appellee.

Before PHILLIPS, Chief Judge, CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

This case involves the interpretation of the outrigger warranty clause in an all-risk contractor's equipment insurance policy covering a 30 ton mobile Lorain crane. Jurisdiction is based upon diversity of citizenship. Tennessee law controls.

After the crane turned over at a construction site in Chattanooga, Tennessee,

the insured brought suit against the insurance company to recover the cost of repairing its equipment. The district court held that the insurance company was not liable under the provisions of the policy and dismissed the suit. The basis of the decision was that coverage under the policy was forfeited by the failure of the operator of the crane to comply with the outrigger warranty clause of the policy. We affirm.

The outrigger warranty clause is as follows:

8. Outrigger Warranty
While the insured equipment and machinery which contains outriggers and/or stabilizers is in operating or lifting position, such outriggers or stabilizers shall be extended to their proper functioning position, and if at the time of loss they are not in such position no coverage as provided by this policy shall apply to that piece of equipment or to any equipment directly damaged thereby.

The crane had four outriggers which, when extended, were designed to give the crane a broader and more stable base from which to operate. It is undisputed that the outriggers were not extended at the time of the accident in question.

Appellant contends: (1) that the warranty clause sets out an exclusion by which the all-risk policy would become a no-risk policy and provides a forfeiture which the law does not favor; (2) that the language of the forfeiture clause is ambiguous and the insured is entitled to a liberal construction; and (3) that even if the outriggers were required to be extended under the circumstances of this case, the failure to extend did not constitute the direct and proximate cause of the accident. It is asserted that since the outriggers would not be extended when the crane was used as a moving device, the words "operating or lifting" are self-contradictory and the clause therefore should not be enforced.

The district court found that the crane was being used only as a lifting device at the time of the accident. The warranty clause required that the outriggers should be used when the crane was used as a lifting device. Even if the warranty clause might be unclear in some other fact situation, the district court was clearly correct in holding that the clause was applicable under the facts of the present case. We agree with the district court's interpretation of the clause. Under this interpretation, there is no ambiguity.

Affirmed.